UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARTHA JACOBO, *et al*, § | | |
| § | | |
| Plaintiffs, § | | |
| VS. § | CIVIL ACTION NO. 7:13-CV-512 | |
| § | | |
| CITIMORTGAGE, INC., § | | |
| § | | |
| Defendant. § | | |

## OPINION AND ORDER GRANTING MOTION TO DISMISS

The Court now considers the self-styled "Defendant's Motion to Dismiss for Failure to State a Claim,"[1] filed by CitiMortgage, Inc. ("Defendant"). Martha and Carlos Jacobo ("Plaintiffs") have responded,[2] and Defendant has replied.[3]

After considering the motion, response, reply, and relevant authorities, the Court **GRANTS** the motion.

### I. Loan Agreement, Acceleration, and Complaint

On July 5, 2007, Plaintiffs and Defendant executed a home equity note ("Note"),[4] under which Defendant provided a loan secured by Plaintiffs' residence.[5] Under the Note, Plaintiffs agreed to pay monthly installments on the principal amount lent them, plus interest. The Note provided that Plaintiffs would make their monthly mortgage payments on the first of every month.[6] If Plaintiffs paid less than the full amount on the first of the month, then Plaintiffs would

---

[1] Dkt. No. 4.
[2] Dkt. No. 5.
[3] Dkt. No. 6.
[4] Dkt. No. 4, Attach. 2.
[5] Dkt. No. 4, Attach. 3.
[6] *Id.*, ¶3(A).

be in default,[7] and owe an overdue payment of 5% of the amount due.[8] Paragraph 6 of the Note then provided:

> **"(C) Notice of Default**
> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means. . . .
> **(D) No Waiver by Note Holder**
> Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time."

After executing the Note, Plaintiffs allege that they established "a course of conduct by which Plaintiffs gets [sic] behind on the mortgage and then catches up. Plaintiffs have come to rely upon the course of conduct with Defendant."[9] The parties fail to narrate any sort of case history that might show how and when Plaintiffs defaulted, and in what way Defendant responded. Presumably, however, Plaintiffs defaulted, could not repay the remaining principal, and Defendant then sought to foreclose. Plaintiffs sued in State court and Defendant removed.

Plaintiffs seek a declaratory judgment that Defendant "has waived its right to insist upon timely payment and have [sic] waived the right to accelerate the debt because of untimely payments based upon the prior pattern and course of conduct between the parties of allowing late payments."[10]

## II. Standards for Dismissal

Before a party has answered a complaint, the proper mechanism for removing a claim from the Court's consideration is a motion to dismiss under Federal Rule of Civil Procedure

---

[7] *Id.*, ¶6(B).
[8] *Id.*, ¶6(A). Since the monthly payments were $6,335.64 (*see* ¶3(b)), this late payment would be $316.78.
[9] Dkt. No. 1, Attach. 4 at p. 2, ¶8.
[10] Dkt. 1, Attach. 5 at p. 2, ¶8.

12(b)(6);[11] since Defendant filed the motion to dismiss prior to filing its answer, it properly seeks dismissal under this rule. At the motion to dismiss stage, the Court limits its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[12] It is true that, although a court cannot look beyond the pleadings in considering a 12(b)(6) motion,[13] documents "attache[d] to a motion to dismiss are considered part of the pleadings, where they are referred to in the plaintiff's complaint and are central to [the] claim."[14]

"To survive a [Rule 12(b)(6)] motion to dismiss the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[15] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[16] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the Plaintiffs.[17] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[18]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[19] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[20] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than

---

[11] FED. R. CIV. P. 12(b)(6).
[12] Wilson v. Birnberg, 667 F.3d 591, 600 (5th Cir. 2012) (quoting Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996)) (internal quotation marks omitted).
[13] *See* Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999).
[14] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)) (endorsing the practice of including those documents which are referenced by and central to a plaintiff's claim, since such inclusion "assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").
[15] In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), cert. denied, 552 U.S. 1182 (2008).
[16] *Twombly*. at 555.
[17] *Id*.
[18] *In re Katrina Canal* at 205 (quoting *Twombly*, 550 U.S. at 555).
[19] Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).
[20] *See id.* at 1949-50 (2009).

merely possible or conceivable.[21] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[22]

This Court's jurisdiction is invoked on the basis of diversity of citizenship.[23] This Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[24] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[25]

### III. Waiver and a Course of Conduct of Late Payments

According to Plaintiffs, Defendant's repeated acceptance of untimely payments means Defendant has waived its right to timely payments, and therefore cannot accelerate the loan on the basis of an untimely payment. Plaintiffs assert a waiver theory granting broad and near-absolute protection. In Texas, the elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right.[26] As a result, untimely payments imply waiver only if untimely payments demonstrate intent to relinquish a right to timely payments, or demonstrate conduct inconsistent with that right.

Because the contract here contemplates a course of conduct of untimely payments, the conduct falls within the contract. As explained above, if Plaintiffs failed to timely pay, Defendant had the right and obligation to send to Plaintiffs a notice of default setting a deadline

---

[21] *See id.*
[22] In re So. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[23] *See* Dkt. No. 1 at p. 3.
[24] *See* Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas, 889 F.2d 674, 676 (5th Cir. 1989); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).
[25] *Id.* (quoting West v. AT&T, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[26] *See* Ulico Cas. Co. v. Allied Pilots Ass'n, 262 S.W.3d 773, 778 (Tex. 2008).

to cure, and the obligation to state clearly that failure to cure the default would certainly result in acceleration of the loan. Thus, the Note explicitly contemplated a course of conduct involving late payments. In Paragraph 6(D), the nonwaiver clause, the Note even contemplated a course of conduct involving repeated and tolerated late payments, a course of conduct where Defendant did not enforce the overdue penalty. Thus, Plaintiffs have alleged a course of conduct that falls within the bounds of the contract. Conduct occurring according to the terms of the contract cannot show intent to relinquish a contractual right or be inconsistent with that contract.

The Court's holding here is buttressed by the Fifth Circuit's decision earlier this year on precisely this issue. The Fifth Circuit there examined a loan agreement which contained verbatim provisions, and concluded it "precludes a finding that [the loan holder] has waived its right to foreclose based on . . . foregoing timely payments for several months."[27] Just as in that case, Plaintiffs have not alleged any conduct inconsistent with the contract or Texas law, and thus fail to state a claim.

Even assuming that a course of conduct of late payments did waive the right to timely payments – in effect modifying the date of payment from the first of the month to sometime within the month – it is unclear how this waiver could also waive the right to accelerate the loan following failure to cure the default.[28] Waiver requires intent to relinquish a right or at least intentional conduct inconsistent with the right, and untimely payment is not any sort of conduct regarding acceleration.

Acceptance of late payments does not waive the right to declare default and accelerate the loan, but Texas requires the loan holder to provide proper notice of default,[29] notice that no

---

[27] Martin-Janson v. JP Morgan Chase Bank, N.A., 12-50380, 2013 WL 3533682 (5th Cir. July 15, 2013).
[28] Plaintiffs have not alleged that Defendant has waived the right to provide notice of default and opportunity to cure; such an allegation would beggar belief.
[29] See Paragraph 6(C), supra p. 2.

further late payments will be accepted,[30] notice of intent to accelerate,[31] and notice of acceleration.[32] To put the matter as plainly as possible, despite acceptance of late payments, Defendant retains its contractual rights, but must pursue these rights in a fair manner. In the absence of any allegation of unfair conduct, the Court can only assume that Defendant followed the contractual process of default, that Plaintiffs then failed to cure the default, and that Defendant now seeks to accelerate and foreclose following proper notice.

### IV. Holding

Because the Court finds that the alleged course of conduct cannot constitute a waiver of the right to timely payments, the Court need not address the debate over whether the nonwaiver clause could itself be waived. The terms of the contract preclude a finding that the course of conduct here has waived the right to insist upon payment, and to accelerate the loan if Plaintiffs could not cure the default. Because Plaintiffs have failed to state a claim under Texas law, the Court **GRANTS** the motion to dismiss.

IT IS SO ORDERED.

DONE this 3rd day of December, 2013, in McAllen, Texas.

Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[30] *See* Stanley v. CitiFinancial Mortgage Co., Inc., 121 S.W.3d 811 (Tex. App.—Beaumont 2003, no pet.), which cites Highpoint of Montgomery Corp. v. Vail, 638 S.W.2d 624 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.) ("[U]nder the circumstances, before allowing the debt holder to permit one additional late payment to constitute default, the holder was required to notify debtor that late payments would no longer be acceptable."); *see also* Matter of Marriage of Rutherford, 573 S.W.2d 299, 301 (Tex. Civ. App.—Amarillo 1978, no writ) ("The holder of a note may waive the right to foreclose as to past defaults where late payments have been regularly accepted and notice has not been given that future defaults will provide the basis for foreclosure proceedings.").

[31] S*ee* Ogden v. Gibraltar Sav. Ass'n, 640 S.W.2d 232, 234 (Tex. 1982) ("Notice that the debt has been accelerated, however, is ineffective unless preceded by proper notice of intent to accelerate.").

[32] *See* Shumway v. Horizon Credit Corp., 801 S.W.2d 890, 892 (Tex. 1991) ("The note holder must also notify the maker both of his intent to accelerate and of the acceleration.").